**JACKSON et al. v. McINTOSH, Comptroller of the Currency, et al.**

(Circuit Court of Appeals, Fifth Circuit. April 7, 1926.)

No. 4770.

**1. Banks and banking ⬪⇒287(4)—Receiver of national bank may be enjoined by creditors or stockholders from making disposition of assets not authorized by statute (Rev. St. § 5234 [Comp. St. § 9821]).**

As an application to the court by the receiver of a national bank, under Rev. St. § 5234 (Comp. St. § 9821), for an order authorizing sale of assets, is an ex parte proceeding, and the order made therein is not appealable by a creditor, a creditor or stockholder may maintain a suit for injunction to retain an illegal sale or disposition of assets by the receiver.

**2. Banks and banking ⬪⇒287(3)—Receiver of national bank not authorized by statute to make disposition of assets otherwise than by sale (Rev. St. § 5234 [Comp. St. § 9821]).**

The provision of Rev. St. § 5234 (Comp. St. § 9821), that on order of the court the receiver of a national bank "may sell all the real and personal property of the association," does not authorize a disposition of such property which is not a sale.

**3. Sales ⬪⇒1(1)—Essentials of sale stated.**

A change in the beneficial ownership of the thing dealt with, and a price paid or promised, and certain or capable of being ascertained, are essential ingredients of a sale.

**4. Banks and banking ⬪⇒287(3)—Proposed transfer of assets of national bank by its receiver held illegal (Rev. St. § 5234 [Comp. St. § 9821]).**

A proposed transfer of all the assets of a national bank, with certain reservations, by its receiver to a corporation organized for the purpose, in consideration of the delivery of its debentures to the receiver for the amount due each creditor, payable, with interest, on or before five years, and secured by the assets conveyed, to be placed under control of trustees, and the agreement of the corporation to apply the proceeds of such assets, above expense of their liquidation to payment of the debentures until fully paid, but without liability of the corporation or its stockholders, is not a sale of the assets, within Rev. St. § 5234 (Comp. St. § 9821), but is a delegation to the corporation of the receiver's statutory duty to collect what is owing to the bank, and the receiver is without authority, with or without the court's approval, to make such transfer.

Appeal from the District Court of the United States for the Northern District of Georgia; William I. Grubb, Judge.

Suit in equity by Ruth M. Jackson and Anna M. Scott against J. W. McIntosh, Comptroller of the Currency, E. F. Anderson, receiver of the Georgia National Bank, of Athens, Ga., and others. From an order denying a preliminary injunction, complainants appeal. Reversed and remanded.

C. N. Davie and Chas. S. Reid, both of Gainesville, Ga., for appellants.

Howell C. Erwin, Thos. F. Green, and Thos. J. Shackelford, all of Athens, Ga., and M. C. Elliott, of Washington, D. C. (Green & Michael, Shackelford & Shackelford, and Erwin, Erwin & Nix, all of Athens, Ga., and W. S. Poage, of Washington, D. C., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree denying a temporary injunction, prayed for in a bill filed by the appellants, one of them being a stockholder of the Georgia National Bank, of Athens, Ga., and both of them being creditors of that bank, against the appellees, the Comptroller of the Currency and the receiver of that bank appointed by such Comptroller, who took charge of the assets of said bank for the purpose of liquidation as provided by law. The injunction prayed for was one restraining and enjoining the appellees from consummating or further attempting to consummate an alleged proposed disposition of assets of said bank. The allegations of the bill showed the following:

Prior to the filing of the bill said receiver filed in the court below an application for the approval by that court of a pretended sale to the Georgia Securities Company, a corporation organized under the laws of Georgia, with a capital stock of $10,000 (herein called the corporation), of the assets of said bank, except cash on hand, stockholders' liability, liability of officers and directors for misfeasance or malfeasance in office, and described real estate, and the court made an order that any and all parties in interest show cause, if any there be, at a time and place stated, why said application should not be granted, and that notice of that order be given by publication in a named newspaper. That application showed as follows:

The application has been approved by the Comptroller of the Currency. The corporation will deliver to the receiver, for the bank's creditors, its debentures, dated November 3, 1925, for the amount due each creditor at the date of the bank's suspension, payable on or before five years from date, with interest thereon at the rate of 4 per cent. per annum, interest payable annually. Said debentures to be secured by deed of trust of the transferred assets, made by the receiver to named

trustees as security for the payment of said debentures. Any available cash in the hands of the receiver at the time of the proposed sale, after reserving such sums as may be deemed necessary to pay expenses of the receivership, shall be distributed by the receiver to the bank's creditors, the sums so paid to be credited upon the debentures upon presentation for that purpose, "and where debentures are not presented to be so credited, or where any creditor of said bank should fail or refuse to accept said debenture, then the amounts that would be payable to such creditor under said distribution shall be held by said receiver to the credit of such creditors, and paid to them upon application, and the debentures issued to such creditors shall thereupon be credited accordingly."

Said trustees in their discretion may require any action with respect to the property conveyed to them, "including the sale, transfer, assignment, or conveyance of any or all of said property or assets." "If any question should arise with respect to the rights or liabilities of either the debenture holders, or any of them, or the company under this indenture, then the decision made by the trustees, or a majority of them, concurred in by said company, acting through its directors, or a majority of them, shall be final and conclusive. Should any such question arise, and the decision of the trustees, or a majority of them, not be concurred in by said company, then the question shall be referred by them to the judge of the judicial circuit in which is located the city of Athens, Ga., and his decision thereon shall be final and conclusive. * * * The trustees shall be deemed the representatives of all debenture holders in said proceedings, in so far as necessary parties are concerned. * * * "

If "at any time during the administration of the assets of said Georgia Securities Company the trustees, or a majority of them, should be of the opinion that the officials in charge of said company are not pressing with due and proper diligence the collection of any or all of its assets, then said trustees may call upon said officials to proceed with greater dispatch in the collection of the same, and should said officials thereafter omit to press said collections, or convert said assets into cash for the benefit of debenture holders with due and proper diligence, in the judgment of said trustees, or a majority of them, then said trustees may demand and receive of said officials all of the assets of said company, and by themselves, or through such agents as they may employ, administer said assets for the benefit of said debenture holders in the same

manner as said officials are required to do. In such an event said trustees have the right to incur and pay from said assets in their hands all lawful and proper expenses of administration, according to their best judgment and discretion."

The corporation shall receive no compensation for performance of its duties in the administration of the assets acquired from the receiver. All salaries of its officers and clerical force to be approved by said trustees. The Federal Reserve Bank of Atlanta shall have a prior lien on the transferred assets to secure a described debt owing to it by the bank, in consideration whereof it is to cancel a stated amount of the debt to it. Each debenture contained the following:

"If this debenture is not presented for final payment within 12 months from the maturity of the same, then said company shall have the right to liquidate its affairs and distribute among the remaining debenture holders, or the stockholders of said company, after all other debentures are paid in full, the amount that would be otherwise held for the redemption of the same, without further liability thereon. Certain persons have subscribed the sum of ten thousand dollars for the capital stock of this company, in order to perfect a legal organization of the same. The holder of this debenture agrees that, when the assets acquired from the receiver of the Georgia National Bank are exhausted, the capital stock of said Securities Company shall be distributed ratably among those who contributed the same, and all claims upon said capital stock are hereby waived. This debenture is accepted and held subject to all of the terms hereof, as well as the terms, provisions, and stipulations contained in said trust agreement, to the same extent as if the same had been incorporated herein."

[1, 2] Under section 5234 of the United States Revised Statutes (Comp. St. § 9821), a national bank receiver, "upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct." This provision does not authorize a disposition of assets which is not a sale. The above-mentioned application made no mention of bad or doubtful debts, but invoked the exercise of the court's power to order a sale of real and personal property of the bank. The proposed disposition of property of the bank was challenged on the ground that it was not a sale, within the meaning of the above-quoted statute, and was not consistent with other

statutory provisions with reference to the administration of a national bank's assets placed in the hands of a receiver. U. S. Comp. St. § 9827.

In behalf of the appellees it was contended that the application for or the making of such an administrative order as was sought could not be interfered with by injunction. It has been held that such a proceeding by a receiver is an ex parte one, and that an order made therein is not subject to be appealed from by a creditor of the bank. Fifer v. Williams (C. C. A.) 5 F.(2d) 286. The following was said in the opinion in that case: "For an attempt to make an illegal or fraudulent sale, doubtless, a remedy by suit would lie, and from a decision in such a suit appeal could be taken to this court." The appellants have such an interest in the bank's assets as to be entitled to resist an illegal disposition of them. In the circumstances disclosed, no adequate legal remedy was available, and a court of equity properly could be applied to for relief; and, if a temporary injunction was improperly denied, the decree to that effect is subject to be appealed from.

The effect of the proposed disposition of assets of the bank would be to transfer them to the corporation for administration, or for the sale or other disposition of them when approved by the trustees under the deed of trust. The corporation was to incur no obligation or liability to pay anything to the bank's creditors or stockholders, except that it was to pay to debenture holders pro rata shares of the amount realized from the transferred assets, after deducting the costs and expenses of administration. That the bank's creditors and stockholders were not to get anything, except from the transferred assets, is clearly shown by the following provision: "The holder of this debenture agrees that, when the assets acquired from the receiver of the Georgia National Bank are exhausted, the capital stock of said Securities Company shall be distributed ratably among those who contributed the same, and all claims upon said capital stock are hereby waived."

[3, 4] The creation of an agency for the handling and administration of assets, and the payment of the proceeds, less costs and expenses, to those who are entitled to such assets, is not a sale of them. A change in the beneficial ownership of the thing dealt with, and a price, paid or promised, and certain or capable of being ascertained, are essential ingredients of a sale. Butler v. Thompson, 92 U. S. 412, 23 L. Ed. 684; Gockstetter v. Williams (C. C. A.) 9 F.(2d) 354. Under the proposed transaction the bank's creditors and stockholders were to get nothing for the transferred assets, unless what the corporation realized from them exceeded the expenses of handling them, and the corporation was to get nothing but reimbursement for such expenses, though more than the amount of such expenses should be realized from those assets. The corporation was not to acquire the beneficial ownership of the transferred assets, and existing rights of such ownership were to be retained, except so far as those rights were to be destroyed or impaired by the exercise of the powers or privileges conferred on the corporation, the trustees under the deed of trust, and the debenture holders.

Without a real sale of them, assets of the bank were to be surrendered by the receiver and made subject to be sold by the corporation with the approval of the trustees under the deed of trust, instead of by the receiver with the approval of a court. An above-cited statute (Comp. St. § 9827) provides for the contingency of the bank's debts being paid without exhausting its assets. In that event the bank's stockholders are entitled to have the remaining assets administered by an agent of their own selection. The plan in question is not consistent with due effect being given to that provision. The statutes provide a complete scheme for the winding up of the affairs of a failed national bank. A court cannot properly approve a violation by a receiver of statutory requirements. By Rev. St. § 5234, the "receiver, under the direction of the Comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and," etc.

The effect of the proposed transaction would be a delegation to the corporation of the receiver's duty and authority to collect what was owing to the bank, and a surrender of assets of the bank by the receiver to the corporation, which was not the buyer of such assets. The receiver was not authorized, with or without a court's approval, so to delegate his duties or powers, or to make such a surrender of assets. We are of opinion that the injunction sought was an appropriate means of preventing an illegal disposition of assets of the bank, and that the court erred in refusing to grant that relief.

As the challenged transaction was illegal, for the reasons above indicated, it is not necessary to pass on the question as to the validity of the feature of it relating to the bank's debt to the Federal Reserve Bank of Atlanta.

The decree is reversed, and the cause is remanded, for further proceedings not inconsistent with this opinion.

Reversed.