### HULSE v. ARGETSINGER et al.

### HULSE et al. v. SAME.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

Nos. 189, 206.

1. Banks and banking ☞287(3)—Receiver of national bank is officer under Comptroller, and assets are not in custodia legis (Comp. St. § 9821).

Receiver of a national bank, appointed by the Comptroller under Rev. St. § 5234 (Comp. St. § 9821), is his officer, and not an officer of the court, nor are its assets, while in his hands, in custodia legis.

2. Banks and banking ☞287(3)—No appeal lies in proceeding by receiver of national bank to compound liability of directors (Comp. St. § 9821).

Since proceeding under Rev. St. § 5234 (Comp. St. § 9821), by receiver of national bank, to compound liability of directors, is not judicial but administrative in character, no appeal lies therefrom.

3. Banks and banking ☞287(3)—Receiver of national bank, in proceeding to compound liability of directors, is not subject to court's supervision (Comp. St. § 9821).

Receiver of national bank, in proceeding under Rev. St. § 5234 (Comp. St. § 9821), for compounding liability of directors, is not subject to court's supervision, except as prescribed by statute, and although he must have court's consent to compound debts or to sell assets, that is merely condition on powers which are otherwise like those of the bank itself, and, after getting leave to compound, he may do as he wills.

Appeal from the District Court of the United States for the Western District of New York.

Suit by Jonas J. Hulse, as receiver for the National Bank of Commerce of Rochester, against George F. Argetsinger and others. From an order confirming a settlement compounding the liability of the directors (12 F. [2d] 933), William J. Wegman and others and Arthur B. Hadley and others separately appeal. Appeal dismissed in part, and order reversed without prejudice.

See, also, 13 F. (2d) 206.

Appeal from an order of the District Court for the Western District of New York, confirming under Revised Statutes, § 5234 (Comp. St. § 9821), the composition of a controversy, made by the receiver of the National Bank of Commerce of Rochester.

The Comptroller of the Treasury on June twenty-first, 1924, by virtue of the power conferred upon him by Revised Statutes, § 5234, appointed a receiver for the National Bank of Commerce of Rochester, whose successor after several changes was Jonas J. Hulse, the plaintiff and petitioner. The bank had closed its doors on May seventeenth, 1924, and on May nineteenth had transferred part of its assets to a new bank organized for the purpose. The new bank assumed the debts of the old, and to make up the difference between the estimated value of the assets so transferred and the liabilities so assumed, the old bank executed a note to the new. The rest of its assets the old bank also transferred to the new upon trust to pay this note.

After an examination lasting over a year the receiver prepared a bill in equity to be filed in the United States District Court for the Western District of New York against the directors of the old bank based upon their mismanagement, and asking damages in the sum of three million five hundred thousand dollars. Negotiations for compounding this liability had been pending for some time, and before the bill was filed certain shareholders, hearing of the possibility, filed a suit in the state court against the directors based upon the same misconduct. Shortly thereafter the receiver filed his bill in the federal court.

Immediately upon the filing of this bill, certain stockholders, in part the same as the plaintiffs in the state suit, filed a suit in the United States District Court for the Western District of New York against the Comptroller, the receiver and the old bank, to enjoin the proposed composition and any interference with the state suit, and to dissolve the receivership. The proposed composition included not only a compromise of the claims against the directors, but a release of any claim against the new bank, based upon the contract of May nineteenth, and a counter release by that bank of any possible claim against the old bank's stockholders under the old bank's note, either because of dividends improperly paid, or of their statutory liability.

The receiver got a rule nisi from the District Judge, citing all stockholders and creditors of the old bank, including of course its directors, to show cause why the proposed settlement should not be confirmed. The rule was supported by a petition setting forth the

facts in substance as above, and alleging that the collection and amount of the claim against the directors was doubtful, that the sale of assets to the new bank was proper, and that the proposed composition was for the benefit of all concerned. On the return day the plaintiffs in the state suit appeared specially to dispute the court's jurisdiction, other stockholders consented, still others appeared generally to oppose, and a committee of stockholders through one of its members filed an affidavit in opposition.

After a hearing the District Judge signed the order confirming the settlement from which the appeals were taken. Both the rule nisi and the order were entitled in the receiver's suit against the directors and also in the proceeding under Revised Statutes, § 5234.

Lee, Smyth, Wise & Bond, of New York City (Warren I. Lee and Eugene M. Strouss, both of New York City, of counsel), for certain appellant stockholders.

James D. Harris, of Rochester, N. Y., for other appellant stockholders.

Percival D. Oviatt and Arthur E. Sutherland, both of Rochester, N. Y., for appellees directors.

Carnahan, Pierce & Block, of Rochester, N. Y., for appellee receiver.

Before MANTON, HAND, and SWAN, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1] The receiver of a national bank appointed by the comptroller is his officer, not an officer of the court, nor are its assets while in his hands in custodia legis (In re Chetwood, 165 U. S. 443, 458, 17 S. Ct. 385, 41 L. Ed. 782) ; they do not become such by an order confirming a composition of debts made by him. Such an order is merely a condition upon the receiver's power to compound the debt; it is not made in any suit, nor does it adjudicate any rights inter partes. Fifer v. Williams, 5 F.(2d) 286 (C. C. A. 9) ; Jackson v. McIntosh, 12 F.(2d) 676, 678 (C. C. A. 5) ; Ex parte Moore, 6 F.(2d) 905, 908 (D. C. S. C.). It is the exercise of a visitatorial power, given to the court by the statute and limited to that function. It is an administrative check upon the otherwise unconditioned powers of the comptroller. In discharge of this duty the judge is not confined to the information given him by the receiver; that would be an unreasonable limitation which would hamper him in reaching a conclusion. He may refer the matter to a commissioner to inquire and report (In re Platt, 1 Ben. 534, Fed. Cas. No. 11,211), or he may, and

18 F.(2d)—60

ordinarily will, find it advisable to inform himself more adequately by citing other parties interested. Yet if upon their appearance the proceeding becomes a suit, and the judge's decision a final adjudication, plainly the proceeding must lose that summary character which it appears to us it was intended to have. Issues arise which pleadings should define, and evidence must be taken with the right of cross-examination. Nothing else would be tolerable, if the order is to be conclusive.

We do not think that Congress had any such consequences in mind when it enacted the section. If so, we are at a loss to know why the matter should have been left so at large. There is no suggestion that a suit, or anything equivalent to a suit, was intended, and none that all parties interested must be cited. As the receiver must get such an order for every debt that he compounds, if the appellants be right, the judge must at his peril proceed ex parte, or be prepared for the delays of a litigation. Rather we think that the proceeding was merely to advise the judge and imposed upon creditors and stockholders the initiative, if they meant to attack the result. In such an attack they must proceed by plenary suit, which alone is fitted to determine the issues. This was the course adopted later in the case of Fifer v. Williams (Gockstetter v. Williams, 9 F.[2d] 354 [C. C. A. 9]), and such bills were entertained in Jackson v. McIntosh, 12 F.(2d) 676 (C. C. A. 5), and Liberty National Bank v. Williams, 16 F.(2d) 906 (C. C. A. 4). This procedure offers a complete remedy to any party aggrieved, and avoids an inconvenient and anomalous situation which must otherwise arise. The judge remains free to get such information as he can from any sources, and the parties who appear do not do so at the peril of becoming finally concluded by the order. This very record is a good example of the impropriety of attempting anything else under section 5234. We have no means of deciding the merits, no evidence, indeed nothing but one affidavit to meet the allegations of the receiver's petition. If serious disputes are to be dealt with, some more adequate procedure must be found.

[2, 3] Since the proceeding is not judicial but administrative in character, we agree with Fifer v. Williams that no appeal lies. Hence the appeals at bar must be dismissed so far as the order is entitled in the proceeding under Revised Statutes, § 5234 (Comp. St. § 9821). It was also entitled in the suit of the receiver against the directors, and in that aspect it must be reversed. The receiver is not subject

to the court's supervision, except as the statute prescribes. He must, it is true, get its consent to compound debts or to sell assets, but that is merely a condition upon powers which are otherwise like those of the bank itself. He needs no order to discontinue the suit, in which he appears like any other plaintiff. After getting leave to compound, his hands are free and he may do as he wills. It is neither necessary nor proper for him to get an order in the suit authorizing its discontinuance or other disposition.

Appeals dismissed so far as the order is entitled in the statutory proceeding; order reversed without prejudice, so far as it is entitled in the suit.