### WEGMAN et al. v. NATIONAL BANK OF COMMERCE OF ROCHESTER et al.

District Court, W. D. New York.
July 1, 1931.

James D. Harris, of Rochester, N. Y., for plaintiffs.

George A. Carnahan, of Rochester, N. Y., for defendants receiver and National Bank of Commerce.

Moser & Reif, of Rochester, N. Y., for defendant National Bank of Rochester.

ADLER, District Judge.

This is an action by plaintiffs, as shareholders of The National Bank of Commerce of Rochester, hereinafter called the old bank, to set aside and declare void a contract made May 19, 1924, between that bank and the National Bank of Rochester, hereinafter called the new bank, upon the ground that the making of the contract was an ultra vires act of the board of directors and officers of the old bank. The contract provided for the absolute transfer from the old bank to the new bank of a certain portion of the assets of the former, and an agreement on the part of the new bank that it would pay all of the liabilities of the old bank. The old bank gave its promissory note in the sum of $2,124,363.13, representing the difference between the liabilities so assumed and the assets so transferred absolutely. The old bank transferred all its remaining assets in trust or in pledge to the new bank, to liquidate the same, to pay the aforesaid promissory note, and to turn over to the stockholders of the old bank whatever remained, if anything. This contract was authorized by the directors of the old bank, but was never directly ratified by its stockholders. The complaint in this action demands that the contract be adjudged null and void, that the National Bank of Rochester account for the property it received, and that it be enjoined from enforcing the promissory note.

On May 17, 1924, two days prior to the making of the contract in question, the National Bank of Commerce of Rochester suspended business. An investigation made by the National Bank Examiner and a committee of the Rochester Clearing House association into the bank's affairs had resulted in their arriving at the conclusion that the bank was insolvent. The National Bank of Rochester was organized in pursuance of a plan which had the approval of the Comptroller of the Currency, to take over and liquidate the assets of the National Bank of Commerce and of another bank, the Traders' National Bank. After the execution of the contract herein questioned, the old bank had divested itself of its assets, and steps were taken to bring about a stockholders' meeting with a view to voting on voluntary liquidation. This meeting was called for June 25, 1924, but was never held. On June 21, 1924, the Comptroller of the Currency appointed a receiver for the National Bank of Commerce.

This action was originally commenced in the Supreme Court of the state of New York on February 5, 1927, and was removed to the District Court. Prior to the commencement of this action, the receiver entered into an agreement with the directors of the National Bank of Commerce for the settlement of claims he made against them for loss of the bank's assets through their mismanagement. This settlement agreement was approved by the court. Opinion by Judge Hazel (D. C.) 12 F.(2d) 933. The plaintiffs in this action took an appeal from the decree approving the settlement, which appeal was dismissed by the Circuit Court of Appeals, 18 F.(2d) 944. Somewhat later, and still before the commencement of this action, these plaintiffs began an action to dissolve the receivership of the National Bank of Commerce and to set aside the settlement agreement above referred to upon the ground of fraud and collusion on the part of the Comptroller and the receiver of The National Bank of Commerce. This action resulted in a decree that the appointment by the Comptroller of the Currency of a receiver for the National Bank of Commerce was made in good faith and after he had become satisfied of the insolvency of the bank. That the acts of the Comptroller and the receiver in the matter of the settlement agreement were done in good faith and without collusion. Reported in (D. C.) 27 F.(2d) 187. An appeal from this judgment was dismissed by the Circuit Court of Appeals.

The contract between the old bank and the new bank which this suit seeks to declare null and void is in its terms and intention almost exactly like the contract in Wyman v. Wallace, 201 U. S. 230, 26 S. Ct. 495, 50 L. Ed. 738, which contract was upheld by the Supreme Court. The plaintiffs herein distinguish Wyman v. Wallace, because in that case, subsequent to the execution of the contract, the shareholders of the bank met and passed a resolution for voluntary liquidation. In the case at bar the shareholders did not vote for voluntary liquidation, nor did they vote to ratify the action of the officers and directors in making the contract. In fact there was no meeting of shareholders after May 19, 1924, the date on which the contract was made. It appears from the opinion of Judge Hazel in the case of Hulse v. Argetsinger (D. C.) 12 F.(2d) 933, at page 936, heretofore referred to, that appreciably more than two-thirds of the holders of the capital stock of the old bank certified to him their approval of the contract of sale and transfer.

290

I think it perfectly clear that the contract in this case must be held valid without going further if it can be brought within the doctrine of Wyman v. Wallace. In this case there is lacking only the one point of ratification of the contract by the shareholders or the action of the shareholders voting liquidation. In this case we have, however, the appointment of a receiver by the Comptroller of the Currency immediately after the making of the contract, and before the date on which the stockholders' meeting was scheduled to be held. We have the insolvency of the bank upon which the appointment of the receiver was based. We have the formal ratification of the contract by the Comptroller of the Currency and the receiver of the bank. Exhibits J, K, and L. We have the further fact that this court has decreed that the appointment of the receiver for the bank was made in good faith.

The appointment of the receiver and his act in ratifying the contract takes the place of the act of the shareholders in voting liquidation in the case of Wyman v. Wallace. He acts for the stockholders in dealing with the assets. In United States v. Weitzel, 246 U. S. 533, 38 S. Ct. 381, 382, 62 L. Ed. 872, Mr. Justice Brandeis uses the following language: "The receiver deals with the assets and protects them for whom it may concern, including the stockholders."

My conclusion is that the case of Wyman v. Wallace applies, and that the contract of May 19, 1924, between the old bank and the new bank, is a valid contract. It follows from that finding that the demand in the complaint that the National Bank of Rochester account for the property it received under the contract, and that it be enjoined from enforcing the promissory note, is denied.

In view of my finding that the contract is valid on the grounds stated, it is unnecessary to discuss the other points raised by counsel.

A decree may be submitted in accordance with this opinion.