## ARMSTRONG v. WOOLLEY.
### No. 8304.

Circuit Court of Appeals, Fifth Circuit.
April 5, 1937.

Geo. W. Armstrong, in pro. per.

Gerard Brandon and Gerard H. Brandon, both of Natchez, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This suit was instituted by the receiver of an insolvent national bank to remove a cloud upon the title to two plantations in Adams county, Miss., which constituted a part of the assets of the bank and came into the possession of the receiver upon his qualification as such on July 1, 1933.

Without a precedent order of any court, the receiver, by arrangement with an auctioneer, advertised certain properties of the bank, including the lands in controversy, for sale at public auction. The appellant bid the sum of $3,200 for the two tracts, aggregating 1,697 acres, and paid the receiver $1,066.67 on account of his bid. Thereupon articles of agreement were entered into between the parties, wherein the appellant agreed to buy the land, upon stated terms, and the appellee agreed "to submit report of sale to the Comptroller of Currency's Office, and a Court of competent jurisdiction, and when approved (agreed) to execute conveyance with good merchantable title on receipt of entire purchase price as above stated, or on receipt of note and mortgage on the property for the deferred payments in accordance with the terms as stated above."

The receiver submitted to the Comptroller a report of the sale, but expressed his belief that the purchase price was inadequate and added: "I am, accordingly, unwilling to recommend acceptance of the same." The Comptroller did not approve the sale, and, for that reason, the receiver did not apply to any court of competent jurisdiction for an order approving the same, but offered, and still offers, to return the money paid him by appellant.

Since no precedent order of court authorized the auction sale, and no subsequent order of court approved it, the agreement between the parties with reference to selling the two plantations was never consummated and cannot be availed of by appellant on this appeal. The receiver fully complied with the only absolute promise he made, which was to submit a report of the sale to the Comptroller. His agreement to execute a conveyance was contingent upon an approval of the sale, and there has been no approval by the Comptroller or by any court of competent jurisdiction. It is argued that the receiver should be held to an implied agreement to apply to a court of competent jurisdiction for approval of the contract, but, if this argument be sound, which we call in question, such implication was necessarily contingent upon the approval of the sale by the Comptroller, under the direction of whom the receiver acts by statutory provision. 12 U.S.C.A. § 192. Moreover, in his cross-bill, the appellant petitioned the court below to approve the sale, but this relief was denied and such order was not made, although it was a court of competent jurisdiction within the meaning of the just cited statute.

In the recent case of Whelan v. Blankenbeckler [1] (C.C.A.) 87 F.(2d) 81, 82, it was

---

[1] Decided December 22, 1936.

held that the court is vested with a discretion in sales by receivers of insolvent national banks, and that the exercise of such discretion is not subject to control by appeal. The court further said:

"It must be borne in mind that the receiver of an insolvent national bank is an agent whose authority is limited by law. In no event can he sell land without an order of court approving the contract of sale. Schofield v. Baker (D.C.) 212 F. 504, affirmed Baker v. Schofield (C.C.A.) 221 F. 322; 243 U.S. 114, 37 S.Ct. 333, 61 L.Ed. 626; Tourtelot et al. v. Booker (Tex.Civ.App.) 160 S.W. 293; Barrett v. Henrietta National Bank, 78. Tex. 222, 14 S.W. 569.

"A person dealing with such receiver in his official capacity is presumed to have knowledge of his authority to act. Ellis v. Little, 27 Kan. 707, 41 Am.Rep. 434; Beckham v. Shackelford [8 Tex.Civ.App. 660] 29 S.W. 200." See, also, Jackson et al. v. McIntosh (C.C.A.5th) 12 F.(2d) 676; Fifer et al. v. Williams (C.C.A.9th) 5 F.(2d) 286; Hulse v. Argetsinger et al. (C.C.A.2d) 18 F.(2d) 944. Cf. San Antonio Utilities League et al. v. Southwestern Bell Telephone Co. et al. (C.C.A.) 86 F.(2d) 584.

We find no error in the decree appealed from, and it is affirmed.