Fox, Appellant, *v.* Young.

112

Argued April 17, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Harry C. Golden,* with him *J. W. King,* for appellant.

*Robert Noel, Jr.,* with him *G. A. Walker* and *H. A. Heilman,* for appellee.

OPINION BY KENWORTHEY, J., June 30, 1941:

On August 16, 1937, appellant, receiver of the Farmers National Bank of Freeport, filed a petition in the lower court for authority to sell the remaining assets of the bank for $100. The court directed the sale to be advertised, bids were submitted in open court and, on August 28, 1937, the sale to appellee for the sum of $290 was approved.

More than two years later, on November 15, 1939, appellant discovered that one of the judgments included among the assets sold, and which had been considered worthless, was at the time of the sale worth

$2,300 to $2,800. He thereupon filed a petition asking the court to set aside the sale as to this asset only. The judgment involved had been thought a second lien on certain real estate of the debtor, whereas, through the failure to revive it in time, the first lien consisting of a judgment of approximately $10,000 had, two years before the sale, lost its priority. Fraud was not alleged and no attempt was made to explain appellant's failure to ascertain the real value of the asset prior to the sale.

The court dismissed the petition on two grounds: (1) that having exercised merely an advisory function in approving the sale, it was without jurisdiction to set it aside in this proceeding, and (2) the grounds stated in the petition were insufficient. The receiver appealed.

Appellant's original application to the court for approval of the sale was made pursuant to an act of Congress providing that: "Such receiver, under the direction of the Comptroller ...... and, upon the order of a court of record of competent jurisdiction, ...... may sell all the real and personal property of such association, on such terms as the court shall direct ......" [1] The purpose of this legislation is to furnish the Comptroller with a check on the receiver by a functionary with knowledge of the local circumstances which enter into the problem of obtaining an adequate price for the property, but the statute "does no more than make the court a superior and advisory agent in the administrative field. Its order adjudicates no rights. It is merely a condition precedent to the receiver's power to sell".[2] It follows, therefore, that the original proceeding for the approval of the sale was not a judicial proceeding, was not reviewable [3] and the petition to set it aside

[1] 12 U. S. C. A. 192; R. S. Sec. 5234; May 15, 1916, c. 121, 39 Stat. 121; August 23, 1935, c. 614, Sec. 339, 49 Stat. 721.

[2] *Roth v. Hood,* 106 F. (2d) 616 (C. C. A. 6th, 1939).

[3] *Roth v. Hood,* supra; *Dugger v. Cox,* 110 F. (2d) 834 (C. C. A. 6th, 1938); *Granzow v. Village of Lyons,* 89 F. (2d) 83 (C. C. A. 7th, 1937); *Whelan v. Blankenbeckler,* 87 F. (2d) 81 (C. C. A. 5th,

114

filed to the original term and number was a nullity; although in a proper case the consummation of a sale might be enjoined or the sale set aside by an independent action.[4]

But even were we to brush aside the procedural difficulty, we would be compelled to agree with the court below that the petition does not present sufficient grounds for equitable relief. Admittedly appellee was guilty of no wrong-doing. The seller seeks to avoid a consummated sale simply on the ground that through his unexplained oversight, he sold for a price far less than the real value, and he does not even offer to make the purchaser whole. He says in his brief: "The receiver's trust is unable to repay this purchase price, at the present time, because of a lack of funds. The funds of the Freeport bank have been all paid out." He suggests that the purchaser should, in fairness, be allowed to retain the other assets and to have an equitable lien to the extent of the full purchase price of $290 on the judgment representing this asset. This generosity may be the utmost he can manage under the circumstances, but it falls far short of putting appellee back where he was in the beginning.

The order dismissing the petition and discharging the rule is affirmed.

1936); *Jackson v. McIntosh,* 12 F. (2d) 676 (C. C. A. 5th, 1926); *Fifer v. Williams,* 5 F. (2d) 286 (C. C. A. 9th, 1925).

[4] *Roth v. Hood; Jackson v. McIntosh; Fifer v. Williams* (dictum), all supra.