### REIBMAN v. FEDERAL DEPOSIT INS. CORPORATION et al.

#### Civ. A. No. 5091.

District Court, E. D. Pennsylvania.

Oct. 19, 1945.

Nathan L. Reibman and Francis E. Walter, both of Easton, Pa., for plaintiff.

Allen S. Olmsted, 2nd, of Philadelphia, Pa., and Leighton R. Scott, Charles D. Hogan, and Hogan & Scott, all of Easton, Pa., for defendants.

GANEY, District Judge.

This is a motion to dismiss a bill in equity under Federal Rule 12(b) (6), 28 U.S.C.A. following section 723c, for failure to state a claim upon which relief can be granted.

On April 24, 1944, the complainant herein, Sylvia Reibman, made an offer of $11,-500 for premises 465–467 Northampton Street, Easton, Pennsylvania, designated as Asset No. 491 to the Federal Deposit Insurance Corporation through the receiver thereof of the First National Bank and Trust Company of Easton and deposited therewith the sum of $6,000 as earnest money. On July 13, 1945 the receiver of the First National Bank and Trust Company of Easton, Pennsylvania, presented a petition requesting the court for an order authorizing it to sell the hereinabove referred to property to J. L. Friedman and Melvin H. Friedman for the sum of $12,500. Thereupon the petitioner filed a bill in equity in the court of Northampton County at Easton, Pennsylvania, which was later removed to this court requesting that the property be ordered to be conveyed to her alleging that the long delay of fifteen months by the receiver constituted an acceptance of her offer and that specific performance should accordingly be decreed. To this complaint the Federal Deposit Insurance Corporation through its receiver for the First National Bank and Trust Company filed the above motion to dismiss.

It is submitted that even if the defendant was not a national bank receiver there could be no acceptance of the

offer implied by the long delay which admittedly intervened between the acceptance of the earnest money and the date of the application by the receiver for leave to sell to the Friedmans. Moreover, under 12 U.S.C.A. § 192, providing: "Such receiver * * * upon the order of a court of record of competent jurisdiction * * * may sell all the real and personal property of such association, on such terms as the court shall direct * * *", it is requisite that any sale to be a valid one must be approved by the Comptroller and subsequently by the court and until such is the fact, it does not become a binding contract. Griggs v. Baumer, 3 Cir., 130 F.2d 899, 901; Armstrong v. Wolley, 5 Cir., 89 F.2d 295.

Defendants' motion to dismiss is granted.