In the Matter of the Receivership of The **HOME NATIONAL BANK OF ELLEN-VILLE, New York.**

United States District Court
S. D. New York.
Dec. 18, 1956.

---

**390**

Goldstein, Judd & Gurfein, New York City, Royal L. Coburn, Gen. Counsel, Federal Deposit Ins. Corp., Washington, D. C., for Federal Deposit Ins. Corp. Orrin G. Judd, Earle K. Moore, New York City, John Cecil, Washington, D. C., of counsel.

Benjamin Lonstein and Louis Berger, Ellenville, N. Y., for Ellenville Nat. Bank.

PALMIERI, District Judge.

I am filing an order herewith granting the petition [1] of the Federal Deposit Insurance Corporation as Receiver of The Home National Bank of Ellenville, Ellenville, New York, to enter into a proposed contract for the sale of certain assets of the receivership estate. The express purpose of the contract is to permit the newly organized Ellenville National Bank to assume the deposit liabilities of the closed bank and to provide the community of Ellenville with a sound banking service, now unhappily interrupted. The contract appears to be fair and equitable and reasonably calculated to effect the purposes for which it is intended. I have had the benefit of detailed reports from the Chief National Bank Examiner of the New York Region and I have supporting statements from the Receiver and its counsel as well as other interested parties.

If this were a matter of first impression, I should feel constrained to examine into the possible application of Article III, Section 2 of the United States Constitution defining the jurisdictional power of the Federal courts. I am assailed by doubts with respect to the propriety of this Court's function as prescribed by the statute in question. What I am asked to do is to perform a single administrative act, to wit, the approval of the contract of sale submitted by the Receiver, in a matter outside the scope of a justiciable controversy and which is not subject to the usual judicial review. See, e. g., Griggs v. Baumer, 3 Cir., 1942, 130 F.2d 899; Mitchell v. Joseph, 7 Cir., 1941, 117 F.2d 253; Hulse v. Argetsinger, 2 Cir., 1927, 18 F.2d 944; cf. Ex parte Chetwood, 1897, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782. In effect, the accomplishment of that single administrative act is the exercise of a supervisory power over a Federal agency—something which I believe to be alien to the Federal judicial function. See National Mutual Ins. Co. of District of Columbia v. Tidewater Transfer Co., 1949, 337 U.S. 582, 600, 604 (concurring opinion), 626 (dissenting opinions), 69 S.Ct. 1173, 1182, 1183, 1195, 93 L.Ed. 1556; United States v. Ferreira, 1851, 13 How. 40, 14 L.Ed. 42.

1. See Rev.Stat. § 5234 (1875), as amended, 49 Stat. 721 (1935), 12 U.S.C. § 192 (1952), 12 U.S.C.A. § 192, which reads:
"§ 192. Default in payment of circulating notes
"On becoming satisfied, as specified in sections 131 and 132 of this title, that any association has refused to pay its circulating notes as therein mentioned, and is in default, the Comptroller of the Currency may forthwith appoint a receiver, and require of him such bond and security as he deems proper. Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct; and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders."

However, the statute upon which the petition is based is of ancient vintage and there is a long line of precedents in which the statutory function therein prescribed has been performed by a Federal court.[2] Accordingly, I feel it is wiser to leave to the side any temptation to examine the subject.

2. Jurisdiction to approve sale of bank assets has been exercised by Federal judges for nearly a century throughout the United States. The section governing court approval of sale of national bank assets was part of the National Banking Act of 1864, and became Section 5234 of the Revised Statutes. The New York District Court, in connection with the compromise of doubtful claims, applied the statute in 1867 and decided that it was "'a court of record of competent jurisdiction.'" In re Platt, D.C.S.D.N.Y. 1867, 19 Fed.Cas. page 815, No. 11,211. Since that time at least six circuit courts of appeal have recognized the existence of the power, without criticism, although asserting that the court is acting in an administrative rather than a judicial capacity. Hulse v. Argetsinger, 2d Cir., 18 F.2d 944, supra; Griggs v. Baumer, 3 Cir., 130 F.2d 899, supra; Whelan v. Blankenbeckler, 5 Cir., 1936, 87 F.2d 81; Wier v. Texas Co., 5 Cir., 1950, 180 F.2d 465; Roth v. Hood, 6 Cir., 1939, 106 F. 2d 616; Mitchell v. Joseph, supra; Fifer v. Williams, 9 Cir., 1925, 5 F.2d 286; Gockstetter v. Williams, 9 Cir., 1925, 9 F.2d 354.

The Supreme Court has referred to the statute at least four times without indicating any doubt of its validity. Cook County Nat. Bank v. United States, 1883, 107 U.S. 445, 2 S.Ct. 561, 27 L. Ed. 537; Ex parte Chetwood, supra; Turner v. Richardson, 1901, 180 U.S. 87, 21 S.Ct. 295, 45 L.Ed. 438; Baker v. Schofield, 1917, 243 U.S. 114–116, 37 S. Ct. 333, 61 L.Ed. 626.