[No. 2736. Decided March 26, 1898.]

W. C. BIDWELL, *Appellant*, v. STUART RICE, *as Receiver*,
*Respondent*.

VENDOR AND PURCHASER — FORFEITURE — RECOVERY OF AMOUNT PAID.

A receiver who, for want of an order of court, has never been
in a position to make a conveyance of real estate to one to whom
he has contracted to sell it, cannot claim a forfeiture of an install-
ment of purchase money paid under an agreement for its for-
feiture in case a second payment was not made within a given
time, although no tender of the second installment has been made
within the stipulated time.

Appeal from Superior Court, Pierce County.—Hon.
THOMAS CARROLL, Judge. Reversed.

*Stiles & Harvey*, for appellant:

Although the vendee be in default and time be of the es-
sence of the contract, if the vendor cannot perform there is
no forfeiture. Warvelle, Vendors, p. 822. If all the pay-
ments are due, the vendor must tender performance before
he can declare a forfeiture. His silence or inaction is a
waiver of his rights. Warvelle, Vendors, p. 824; *Peck
v. Brighton Co.*, 69 Ill. 200; *Underwood v. Tew*, 7 Wash.
297; *Hogan v. Kyle*, 7 Wash. 595 (38 Am. St. Rep. 910).

*Campbell & Powell*, for respondent:

" An option of purchase rests on different grounds, and is
governed by different rules from those which obtain in
case of bilateral contracts. . . . If the option reserved
is to purchase at any time before a certain day, for a certain
sum to be paid on demand for deed, time is of the essence
of the contract, and equity cannot relieve after the time,
nor require the repayment of money paid to secure the op-
tion." 2 Warvelle, Vendors, p. 832, § 16. This state-

ment is fully borne out by the authorities; for time is always of the essence of contracts of this character. *Richardson v. Hardwick*, 106 U. S. 252 (27 Law. ed. 145); *Steele v. Bond*, 32 Minn. 14; *Kerr v. Purdy*, 51 N. Y. 629; *Cummings v. Realty Co.*, 57 N. W. 43; *Harding v. Gibbs*, 125 Ill. 86 (8 Am. St. Rep. 345); *Stembridge v. Stembridge's Adm'r*, 87 Ky. 91; *Schields v. Horbach*, 30 Neb. 537; *Johnston v. Trippe*, 33 Fed. 530.

Had appellant exercised his option within the sixty days and tendered performance and demanded a deed of the premises, he could have maintained an action for specific performance, in so far at least that this court would have directed the respondent to make an application to a court of record, as prescribed by statute, for leave to sell. *Watts v. Kellar*, 56 Fed. 1; *Love v. Camp*, 51 Am. Dec. 419.

The plaintiff, having had the full benefit of the contract, is estopped from questioning its validity. *Wooding v. Crain*, 10 Wash. 35; *Colcord v. Leddy*, 4 Wash. 791; *Mayor v. Sonneborn*, 113 N. Y. 423; *Buffalo v. Balcom*, 134 N. Y. 532; *Whitney Arms Co. v. Barlow*, 63 N. Y. 71 (20 Am. Rep. 504); *Bath Gas Light Co. v. Claffy*, 151 N. Y. 24.

The opinion of the court was delivered by

REAVIS, J.—Respondent in August, 1893, was appointed receiver of the Washington National Bank, then in liquidation, by the comptroller of the currency of the United States. A part of the assets of the bank consisted of certain real estate known as the "Gig Harbor Mill" property. In November, 1894, appellant and others (who have since assigned their claims to him) entered into an agreement with respondent to purchase the "Mill" property for the sum of $10,000, of which $1,000 was to be paid in cash, $2,000 more on or before the expiration of sixty days, and

the balance on note secured by mortgage to run two years. The one thousand dollars was paid November 9, 1894, and upon the same day respondent executed and delivered to appellant's agents an agreement in writing to the effect that the sum of $1,000 was received by respondent from appellant's agents for the exclusive option to purchase from respondent the "Mill" property at any time within sixty days from that date, at and for the price of $10,000, of which sum $1,000 was in cash received, $2,000 should be paid to respondent within sixty days and the remaining $7,000 should be paid by a promissory note for that amount due in two years, with interest secured by a mortgage on the "Mill" property, and upon the performance of the conditions of payment respondent should execute and deliver to appellant's agents a good and sufficient deed of conveyance of the "Mill" property. But if appellant's agents should make default in the payment of the sum of $2,000 within sixty days, then the sum of $1,000 should be forfeited to respondent, time being made the essence of the written agreement. The court also found that respondent withdrew the property from sale, and at all times held himself in readiness to carry out his agreement upon payment due him within sixty days of the sum of $2,000 as part of the purchase price of the property, and upon execution of the mortgage to secure the remainder of the purchase price; that the agents of appellant failed to exercise their option and to elect to purchase the property within the time, and failed to pay or tender to respondent the $2,000 as part of the purchase price within the time for which the option was granted, and that appellant has not at any time since the option was granted tendered or paid to respondent any sum whatever as a part of the purchase price of the property; that in the month of July, 1895, respondent sold and conveyed the "Mill" property to third persons. The court

also found that the respondent at no time either before or since the execution of the contract of sale had authority from any court of record to sell or convey the real property to appellant. After the execution of the conveyance of the "Mill" property by respondent to third persons appellant demanded repayment of the $1,000, which was refused by respondent, and this action was instituted by appellant to recover the $1,000 so paid.

Several points are presented upon this appeal and argued by counsel, and the nature of the contract is in contention between the respective parties, respondent maintaining that appellant paid the $1,000 for a mere option to purchase within sixty days. The appellant contends that the receiver had no power to grant an option, that he could only sell under an order of the court. The findings of fact made by the superior court are accepted by both parties and no exceptions have been taken to them. It is evident from the facts found that the one thousand dollars did not pass to the respondent absolutely, as is ordinarily the rule in paying for an option on real property. It was a part payment of the purchase price, if the contract between the parties was consummated, and it was under the terms of the contract to be forfeited to the respondent if the $2,000, the second payment under the terms of the contract, was not made within sixty days. There was, then, some default of appellant to be noted before the forfeiture. The stipulation of appellant to pay the $2,000 within sixty days was interdependent with another stipulation of the respondent to execute a conveyance of the "Mill" property within sixty days or at the time of the payment of the $2,000, and while the superior court has found that the respondent held himself in readiness to carry out the agreement within the sixty days, that court has not found that respondent had the ability to carry out the contract with-

in sixty days. On the contrary, it was found that respondent had at no time, either before or after the execution of the contract, authority from any court of record to convey the property to appellant and associates. Thus it would have been an idle act for appellant to have tendered the second payment of $2,000 on the purchase price, for respondent could not make such conveyance. But some six months thereafter respondent procured the authority to sell and executed a conveyance to third persons. Evidently appellant was relieved against any default in the non-performance of the conditions of the agreement, and the forfeiture of the $1,000 paid to respondent could not be claimed by him; and respondent having finally disqualified himself from performance of his contract with appellant and associates cannot withhold re-payment of the $1,000 to which he has no right under the terms of his contract. These considerations dispose of the cause, and the judgment of the superior court is reversed with direction to enter judgment therein for appellant in conformity to this opinion.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.