## WHELAN v. BLANKENBECKLER.
### No. 7972.

Circuit Court of Appeals, Fifth Circuit.
Dec. 22, 1936.

Eugene DeBogory, of Dallas, Tex., for appellant.

Chas. C. Crenshaw and W. D. Girand, both of Lubbock, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This suit in equity was instituted in the court below by appellee to enjoin the prosecution of a suit in the state court against him by appellant for specific performance of an alleged contract to sell land owned by the Plainview National Bank, and to compel the cancellation of a lis pendens notice of said litigation. By cross-bill appellant prayed for approval of said contract, which relief was denied.

■ All of appellant's assignments of error, except the fourth, predicate error upon the failure of the court below to approve the contract of sale between appellant and appellee, the latter being the receiver of an insolvent national bank. The fourth assignment alleges that the court erred in failing to sustain appellant's motion to dismiss the bill of complaint filed by appellee; but the record before us fails to disclose that any such motion was ever filed or that the court ever made an order with reference thereto. On the contrary, the appellant filed an answer and cross-bill in which specific affirmative relief was sought, and wherein the equitable jurisdiction of the court not only was not questioned but was expressly and specifically invoked. In these circumstances, the fourth assignment of error may be disregarded as having no substantial factual basis to support it.

Because of a motion by appellee to dismiss this appeal, it is worthy of emphasis that nowhere in appellant's brief or in any of his assignments of error is complaint made of the injunction against him, prohibiting prosecution of his suit in the state court, or of the order requiring cancellation by him of the lis pendens notice.

■ Briefly, the facts show that during the month of July, 1935, and for some months prior thereto, appellant and appellee had been negotiating for the sale of 100 acres of land in Marion county, Tex. These negotiations culminated in an offer to the latter by the former to buy the land for $750, provided the title was perfected by the seller, which was thought could be done without much trouble. The appellee accepted the offer, subject to approval of the court, provided the purchaser would furnish his own abstract of title and complete the deal within fifteen days. On the same day appellant sent the receiver the following telegram, which was duly received:

"Accept proposition get court approval will send deed with correct description with draft attached you may wire for collection subject to approval of title will have bank guarantee payment."

On the following day, a showing of oil was discovered, some fifteen miles from said land, in the state of Louisiana. The comptroller had previously authorized the sale, but five days after said discovery of oil the receiver, who had not made application to any court to approve the sale, requested the comptroller to withdraw his au-

thority to sell the land, which was done, and about July 23, 1935, the receiver told appellant that he would not go forward with the sale.

Appellant's petition, by cross-bill, for approval of the sale was in the court and before the judge which the law provides shall approve such sales. The court sustained the receiver and declined to approve the contract to sell. The sole question presented to us on this appeal is with reference to the action of the court in refusing to confirm the sale upon the application of appellant.

So far as the record shows, the receiver never petitioned any court of competent jurisdiction for an order authorizing him to make the sale. The authority of the receiver granted by the comptroller permitted him to obtain such court order, if the receiver was satisfied that it was to the best interests of the trust estate. Not only is it manifest that appellant's offer to buy was conditioned upon the receiver "doing curative work" upon the title, but that the latter's agreement to sell was conditioned upon the approval of the court.

■ It must be borne in mind that the receiver of an insolvent national bank is an agent whose authority is limited by law. In no event can he sell land without an order of court approving the contract of sale. Schofield v. Baker (D.C.) 212 F. 504, affirmed Baker v. Schofield (C.C.A.) 221 F. 322; Id., 243 U.S. 114, 37 S.Ct. 333, 61 L.Ed. 626; Tourtelot et al. v. Booker (Tex.Civ.App.) 160 S.W. 293; Barrett v. Henrietta National Bank, 78 Tex. 222, 14 S.W. 569.

■ A person dealing with such receiver in his official capacity is presumed to have knowledge of his authority to act. Ellis v. Little, 27 Kan. 707, 41 Am.Rep. 434; Beckham v. Shackelford (Tex.Civ.App.) 29 S.W. 200.

■ The federal District Court where the insolvent bank is located is vested with jurisdiction to approve or disapprove the sale of its real or personal property. The statute provides as follows:

"Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like

order, may sell all the real and personal property of such association, on such terms as the court shall direct." 12 U.S.C.A. § 192.

The court is vested with a discretion in authorizing such sales. The exercise of such discretion is not subject to control, and no appeal lies from the order of a District Court approving or disapproving the same. Jackson et al. v. McIntosh (C.C.A. 5th) 12 F.(2d) 676; Fifer et al. v. Williams (C.C.A.9th) 5 F.(2d) 286; Hulse v. Argetsinger et al. (C.C.A. 2d) 18 F.(2d) 944. Cf. San Antonio Utilities League et al. v. Southwestern Bell Telephone Co. (C.C.A.) 86 F.(2d) 584.

The motion to dismiss the appeal is sustained.