**DUGGER et al. v. COX.**

No. 7911.

Circuit Court of Appeals, Sixth Circuit.

April 15, 1938.

Hallie K. Riner and J. Malcolm Shull, both of Elizabethton, Tenn., for appellants.

Joseph A. Caldwell, of Bristol, Tenn., for appellee.

Before HICKS, SIMONS, ALLEN and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This cause is pending before the Court on motion to dismiss the appeal, because of alleged lack of jurisdiction. The appeal is from an order of the District Court. The appellee was statutory receiver of the First National Bank of Elizabethton, Tennessee.

At the direction of the Comptroller of the Currency, on May 1, 1937, appellee filed an ex parte petition in the lower Court, praying authority to sell for $24,000 certain assets belonging to the bank unless an increased bid was received therefor on or before the 22nd day of May 1937, pursuant to a newspaper advertisement. The District Court had theretofore entered what is referred to in the record as "standing order 41" requiring the Clerk of the Court to give certain notice of proposed sales.

In accordance with the prayer of the petition, an order nisi was entered and the Clerk of the Court posted notices setting out that an order would be entered at twelve o'clock, noon, May 24, 1937, confirming the sale at $24,000 unless valid objections were interposed or a higher bid received by the Court in which event, the same would be acted upon without further notice.

Before the closing date for bids, there was a second bid of $25,500 which, on solicitation of the receiver and his assurance of its acceptance, was raised to $26,-500 and according to the order nisi entered by the District Court, the Receiver on May 22, 1937, announced appellants to be the purchasers of the building for the sum of $26,500 and in a supplemental petition asked that the sale be confirmed.

On May 24, 1937, the date provided in the order nisi for confirmation of the sale, the attorney for the Citizens Bank, the original bidder, requested the Court to reopen the bidding and allow it to make an increased bid on the First National Bank Building and, in the event it did not become the purchaser of that bank, that the bidding on the Holston National Bank Building, property of another bank in receivership, which had been sold on May 21, 1937, be reopened and it be allowed to make an increased bid on that building. The Court refused to allow the motion and entered an order confirming the sale of the Holston National Bank Building to the successful purchasers. The motion was then renewed to reopen the bidding on the First National Bank Building at an increased bid of $500, which the Court refused, but, over the objections of appellants, permitted reopening on an increased bid of $1,000.

The appellants, reserving exceptions to the Court's ruling, and subject thereto, increased the bid of the Citizens Bank from time to time up to the sum of $32,000. The Citizens Bank refused to further bid and the Court entered an order authorizing the Receiver to accept the appellants' bid. The matter is before this Court on appellants' exceptions to the lower court's refusal to confirm the sale at $26,500, and permitting the reopening of the bidding.

By statute, the Comptroller is vested with power to liquidate insolvent national banks, and it is provided that his agent the receiver "upon the order of a court of * * competent jurisdiction * * * may sell all the real and personal property of such association, on such terms as the court shall direct". 12 U.S.C.A. § 192.

836

The Acts of the Congress authorizing the formation of National Banks set up a complete system for their establishment and liquidation without judicial supervision. The application to the Court for an order for the sale of assets is a step in the winding up of the affairs of a bank and if such an order be granted, although made by a Court of record of competent jurisdiction, still the funds realized by the sale are not subject to disbursement by the Court, but by the Comptroller, whose agent is the receiver of the bank. The proceeding in Court for the approval of a sale is ex parte.

The Statute does not contemplate notice to those interested and there are none of the essentials of a controversy, the proceedings lacking judicial characteristics.

The entire procedure for the approval of a sale, by the Court and the disposition of the proceeds of the sale by the receiver, the agent of the Comptroller, is administrative. The requisite of approval by a "Court of competent jurisdiction" is executive caution, rather than judicial determination. Compare, Fifer v. Williams, 9 Cir., 5 F.2d 286; Whelan v. Blankenbeckler, 5 Cir., 87 F.2d 81; Hulse v. Argetsinger, 2 Cir., 18 F.2d 944; Ex parte Moore, D.C., 6 F.2d 905; Gocksetter v. Williams, 9 Cir., 9 F.2d 354; Jackson v. McIntosh, 5 Cir., 12 F.2d 676.