## DUGGER et al. v. COX.

### No. 174.

District Court, E. D. Tennessee, N. E. D. March 11, 1940.

Hallie K. Riner, of Elizabethton, Tenn., for complainants.

Joseph A. Caldwell, of Bristol, Tenn., for defendant.

DARR, District Judge.

This matter was before the United States Circuit Court of Appeals, Sixth Circuit, 110 F.2d 834, on a motion to dismiss for want of jurisdiction and an opinion was rendered on April 15, 1938, by Judge Hamilton. This opinion succinctly sets out the facts in the case and states the law pertaining to such matters. The appellants there are the plaintiffs here, and the appellees there the defendants here. I adopt the opinion of this court for the purpose of stating the facts and the law applicable thereto.

"This cause is pending before the court on motion to dismiss the appeal, because of alleged lack of jurisdiction. The appeal is from an order of the District Court. The appellee was statutory receiver of the First National Bank of Elizabethton, Tennessee.

"At the direction of the Comptroller of the Currency, on May 1, 1937, appellee filed an ex parte petition in the lower court, praying authority to sell for $24,000 certain assets belonging to the bank unless an increased bid was received therefor on or before the 22nd day of May, 1937, pursuant to a newspaper advertisement. The District Court had theretofore entered what is referred to in the record as 'standing order 41' requiring the clerk of the court to give certain notices of proposed sales.

"In accordance with the prayer of the petition, an order nisi was entered and the clerk of the court posted notices setting out that an order would be entered at twelve o'clock, noon, May 24, 1937, confirming the sale at $24,000 unless valid objections were interposed or a higher bid received by the court, in which event, the same would be acted upon without further notice.

"Before the closing date for bids, there was a second bid of $25,500 which, on solicitation of the receiver and his assurance of its acceptance, was raised to $26,500, and according to the order nisi entered by the District Court, the receiver on May 22, 1937, announced appellants to be the purchasers of the building for the sum of $26,500 and in a supplemental petition asked that the sale be confirmed.

"On May 24, 1937, the date provided in the order nisi for confirmation of the sale, the attorney for the Citizens Bank, the original bidder, requested the court to reopen the bidding and allow it to make an increased bid on the First National Bank Building, property of another bank in receivership, which had been sold on May 21,

1937, be reopened and it be allowed to make an increased bid on that building. The court refused to allow the motion and entered an order confirming the sale of the Holston National Bank Building to the successful purchasers. The motion was then renewed to reopen the bidding on the First National Bank Building at an increased bid of $500, which the court refused, but, over the objections of appellants, permitted reopening on an interested bid of $1,000.

"The appellants, reserving exceptions to the court's ruling, and subject thereto, increased the bid of the Citizens Bank from time to time up to the sum of $32,000. The Citizens Bank refused to further bid and the court entered an order authorizing the receiver to accept the appellants' bid. The matter is before this court on appellants' exceptions to the lower court's refusal to confirm the sale at $26,500, and permitting the reopening of the bidding.

"By statute, the Comptroller is vested with power to liquidate insolvent national banks, and it is provided that his agent the receiver "upon the order of a Court of competent jurisdiction * * * may sell all of the real and personal property of such association on such terms as the Court may direct". U.S.C.A. 12, Sec. 192.

"The Acts of the Congress authorizing the formation of National Banks set up a complete system for their establishment and liquidation without judicial supervision. The application to the court for an order for the sale of assets is a step in the winding up of the affairs of a bank and if such an order be granted, although made by a court of record of competent jurisdiction, still the funds realized by the sale are not subject to disbursement by the court, but by the Comptroller, whose agent is the receiver of the bank. The proceeding in court for the approval of a sale is ex parte.

"The statute does not contemplate notice to those interested and there are none of the essentials of a controversy, the proceedings lacking judicial characteristics.

"The entire procedure for the approval of a sale, by the court and the disposition of the proceeds of the sale by the receiver, the agent of the Comptroller, is administrative. The requisite of approval by a 'Court of competent jurisdiction' is executive caution, rather than judicial determination. Compare, Fifer v. Williams, 9 Cir., 5 F.2d 286; Whelan v. Blankenbecker, 5 Cir., 87 F.2d 81; Hulse v. Argetsinger, 2 Cir., 18 F.

2d 944; Ex parte Moore, D.C., 6 F.2d 905; Gockstetter v. Williams, 9 Cir., 9 F.2d 354; Jackson v. McIntosh, 5 Cir., 12 F.2d 676."

■ This is a plenary proceeding, and for the plaintiffs to sustain the action it will be necessary for them to make a showing that the District Court acted arbitrary or capricious in declining to approve their original bid and reopen the bidding. Roth v. Hood, 6 Cir., 106 F.2d 616.

The plaintiffs contend that the District Court did act arbitrarily in that, (1), he had exhausted his administrative or executive authority by the order nisi, (2), he raised the bidding and accepted bids in person without legal authority, (3), he abused his discretion by accepting a bid of $1,000 in raising the original bid, and, (4), he forced the plaintiffs to raise their bid under duress of property.

■ (1) I think it is true that a court of record could exhaust its authority under this statute by an order made preceding a sale. I think this order would have to be definite, would have to fix an upset price, provide for a time for termination of the bidding, provide that the person having the highest bid would become purchaser, and that the court would confirm such sale.

■ But the order nisi made in this case has no such provision relative to any person who might have raised the bid, as these plaintiffs did. In this connection the order does provide that the increased bids must be made by May 22, 1937, and filed with the clerk by May 24, 1937, and further provides, " * * * and that in the event raised bid is submitted, the Court will consider and act upon said bid without further notice at the time specified". This is the only provision in the order relative to what the court would do as to any raised bid.

Clearly this did not exhaust the executive power of the court. It simply provided that the court would consider and act upon the raised bid without any further notice.

■ I think the court had the legal right and it became his duty, if he ascertained that more money could be received for the property, to allow the bidding to be opened and to obtain the highest and best bid for the benefit of the creditors of the insolvent institution. This the court did.

(2) At the time the bidding was opened and the raised bids offered to the court the receiver was present. The authority and approval of the court was necessary for

effecting a sale. The receiver has adopted the bidding made to the court in his presence. This is shown to be true by the order approved by him confirming the sale at the top bid, by his position in the other case on the appeal, and by his position in this case. Both practically and legally I think the record discloses that the sale was made by the receiver with the approval of the court.

(3) The court had the authority to accept a raised bid. The amount of this raise was in his discretion. He was not circumscribed by the rules of law pertaining to judicial sales but was acting in an executive or administrative capacity. If his acceptance of an amount for a raising of the bid was not arbitrary or capricious, it cannot be questioned here. I think the acceptance of a $1,000 as a raise in the bid was fair and right and not arbitrary or capricious.

(4) I can see no duress of property in the transaction that took place. The plaintiffs, who were the purchasers, were charged with the knowledge of the law. If they got themselves in a strain by reason of a mistake of the law, that is their fault not the fault of the court. The court's action in performing a statutory duty could not be duress of property.

Judgment is awarded the defendant.