## MITCHELL v. JOSEPH.

### No. 7322.

Circuit Court of Appeals, Seventh Circuit.
Feb. 7, 1941.

Walter F. Cunningham, of Chicago, Ill., for appellant.

Wm. J. Flaherty, of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment denying his suit to recover $10,000 advanced by him as earnest money to apply upon the purchase price of certain real estate which defendant, as receiver of an insolvent national bank, had contracted to sell to him.

The contract, dated October 17, 1936, in view of the statute, 12 U.S.C.A. § 192, requiring a receiver of a national bank, before selling real estate, to obtain an order of approval, provided that it should be effective only when approved by the District Court. Accordingly defendant filed a petition asking the court to authorize completion of the sale, previously approved by the Comptroller of the Currency, and on December 17, 1936, the court entered an order authorizing defendant to execute the contract.

The agreement provided that, in event of default by plaintiff, then, at the option of defendant, the contract should be null and void and the earnest money retained as liquidated damages. Plaintiff advanced $5,000 but failed to pay any additional sum within the time provided. Accordingly, on May 6, 1937, by mutual agreement, the time for performance was extended to June 16, 1937. Plaintiff at that time delivered to defendant $5,000 as additional earnest money to be applied upon the purchase price, subject to the provisions of the contract. He failed, however, to make any further payments and on March 21, 1938, defendant notified him that the receiver had declared the contract forfeited and at an end and had elected to retain as liquidated damages the sum of $10,000 previously paid. Plaintiff made no protest.

Some seven months later, on October 20, 1938, defendant filed a petition in the District Court, in which he averred that the contract had been forfeited and declared at an end and the earnest money retained as liquidated damages and that the order authorizing the sale constituted a cloud upon his title. Upon his prayer that the cloud be removed, the court, ex parte, vacated the order of approval.

Eight months later, on June 23, 1939, plaintiff brought this suit, averring the facts to be substantially as hereinbefore related except that he made no mention of the default and forfeiture. Defendant answered, disclosing the forfeiture and application of the earnest money as liquidated damages. Upon motion for judgment upon the pleadings, there being no dispute as to the facts, the court entered judgment for defendant.

Plaintiff's contention is that, inasmuch as the receiver had no authority to enter into the contract in the absence of approval by the court, upon vacation of the order of authority, the receiver's power was thereby terminated and the situation the same as if no such order had ever been entered. Consequently, says plaintiff, the money paid was wrongfully retained by defendant and should be returned. Defendant replies that the action of the court in entering the order of approval did not involve exercise of judicial functions; that the ex parte proceeding in which it was entered partook of no judicial character but was merely a cog on the wheel of the administrative proceedings governing liquidation of assets of an insolvent national bank; that the contract, being valid when executed, was thereafter properly declared forfeited and terminated and that the vacation of the authority to make it created no right in plaintiff to recover the money advanced and forfeited as liquidated damages.

Under the statute, a receiver of a national bank, acting under the direction of the Comptroller, may sell assets only when so authorized by a court of competent jurisdiction. Whelan v. Blankenbeckler, 5 Cir., 87 F.2d 81, 82; Ellis v. Little, 27 Kan. 707, at page 719, 41 Am.Rep. 434; Wallace v. Hood, C.C., 89 F. 11, at page 22; Turner

v. Richardson, 180 U.S. 87, at page 91, 21 S.Ct. 295, 45 L.Ed. 438 and Bidwell v. Rice, 19 Wash. 146, 52 P. 1019. And the general rule is that where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed. 42 C.J. 555, § 260; Williams v. Floyd, 27 N.C. 649, at page 656; In re Rochester Sanitarium & Baths Co., 2 Cir., 222 F. 22; Green v. McCarter, 64 S.C. 290, 42 S.E. 157; In re King, D.C., 11 F.Supp. 351.

But we are dealing now, not with an order entered in a judicial proceeding, but rather with an administrative approval of a subordinate governmental executive officer's action. The receiver was appointed by the Comptroller. He was not an officer of the court. The marshaling, liquidation and distribution of assets of the bank were, by the statute, lodged in the Comptroller of the Currency and his subordinate, the receiver, appointed by him. Out of an abundance of caution, Congress has seen fit to require of the receiver, however, that, before he sells assets, he obtain approval by a court. In the present case, as in others, this approval was obtained upon an ex parte petition upon hearing of which no one was represented or heard, save the receiver. The court made no judicial decision but entered a discretionary administrative approval. The Congress has provided in such cases for no proceeding analogous to ordinary litigation, where issues are determined upon pleadings and such proper evidence as the parties may choose to present. The entry of approval constitutes neither a suit at law nor one in equity. It presents no justiciable controversy. It involves the entry of no judicial order or judgment which may be reviewed by an appellate court. The actions of the receiver are purely administrative and the requirement of the statute that he obtain an approval from the court accomplishes nothing other than the designation of the court as a superior and advisory administrative officer. Its approval is merely an administrative condition precedent to the congressionally granted executive power to sell. It is a precautionary check upon the otherwise unconditioned, unlimited power of the Comptroller. The court's exercise of executive discretion is not subject to judicial review. Hulse v. Argetsinger, 2 Cir., 18 F.2d 944; Roth v. Hood, 6 Cir., 106 F.2d 616; Fifer v. Williams, 9 Cir., 5 F.2d 286.

While the contract was still in full force and effect, plaintiff defaulted. Thereupon and because thereof defendant declared the contract forfeited and made known its election under its option to retain and apply as liquidated damages, as the contract provided he might, the sum paid by plaintiff. This action was justified. Johnson v. Crouch, 325 Ill. 559, 156 N.E. 754; In re Tracy, 7 Cir., 80 F.2d 9; Hansbrough v. Peck, 5 Wall. 497, 72 U.S. 497, 18 L.Ed. 520. By these events, all within the contract, the agreement between the parties was thereupon forever terminated by its own terms and the rights of the parties were thereby forever fixed. Nothing that any administrative body might thereafter do could alter those rights. Any such change could be effected only in a proper judicial proceeding to which both plaintiff and defendant were parties. When, therefore, some months later, defendant reported to the District Court the default, the forfeiture and his election to retain the money, and asked to have the approval previously given revoked, the court, in that ex parte proceeding, discharged again merely the supervisory administrative function lodged in it by the act of Congress. It made no attempt to adjudicate, indeed it could not, in the absence of plaintiff, make any adjudication of legal or equitable rights of plaintiff. The effect of the withdrawal of approval was merely to recall the approval previously granted; it could not and did not affect in any way the then established rights and liabilities of plaintiff and defendant.

Nor do we glean from the record anything to modify our conclusion in so far as it applies to the second payment of $5,000. Defendant insists that the extension of time effected a modification of the contract of sale, a new contract, which inasmuch as it was never approved by the court, it was beyond the power of defendant to make, and that, therefore, the second $5,000 paid in pursuance thereof should be recovered. But the record does not support the premises upon which this conclusion is based. In the first place it appears that defendant's contention is made here for the first time. The record does not disclose as a fact that there was no approval of the extention by any court. This was essential to plaintiff's claim; yet his complaint is silent and the record barren in this respect. Plaintiff has not sustained his burden. We must indulge the presumption of validity

of the judgment of the District Court, in the absence of proof essential to its impeachment.

Independent of this, however, we think plaintiff's contention in this respect ill founded. The extension agreement did not modify the amount of the purchase price or the terms of sale; it merely extended the time of performance for what, under all the circumstances, was a reasonable period. In other words, defendant, rather than forfeit the contract, saw 'fit to grant plaintiff additional time. No new liabilities or undertakings were involved. The extension was merely incidental to and a part of the contract previously authorized by the court.

The judgment is affirmed.