**In the Matter of the Liquidation of AMERICAN CITY BANK & TRUST COMPANY, N.A. a National Banking Association.**

Civ. A. No. 75–C–609.

United States District Court, E. D. Wisconsin.

Oct. 21, 1975.

---

5. *See Anderson v. Nosser*, 438 F.2d 183 (5th Cir. 1971); *Richardson v. Snow*, 340 F.Supp. 1261 (D.C.Md.1972).

Robert J. Loots, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for petitioner.

## MEMORANDUM OPINION

WARREN, District Judge.

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver of the American City Bank & Trust Company, N.A., a National Banking Association, ("ACB"), has petitioned this Court for an ex parte order authorizing the sale of assets, transfer of liabilities, and transfer of trust powers of ACB to another banking association. Such an arrangement is commonly known as a purchase and assumption transaction. Requests for ex parte orders should only be ordered in extraordinary circumstances where, on balance, the right to be heard is outweighed by countervailing considerations. After careful consideration I have determined that such approval is appropriate in this case. For the reasons set forth below, the petition will be granted.

### Factual Background

Prior to the close of business on October 21, 1975, ACB was a national banking association organized and existing pursuant to the laws of the United States, 12 U.S.C. § 21 et seq. As such, the business affairs of ACB were subject to the supervision of the Office of the Comptroller of the Currency, a bureau of the United States Treasury Department. ACB maintains its corporate and banking offices in Milwaukee, Wisconsin.

At the close of business on October 21, 1975, pursuant to the provisions of 12 U.S.C. § 191, ACB was declared to be

insolvent by the Comptroller of the Currency. The Comptroller thereupon terminated ACB's powers and existence as a national banking association. Immediately thereafter, the Comptroller appointed the FDIC the receiver of ACB, acting pursuant to 12 U.S.C. §§ 191, 1821(c). The FDIC immediately undertook its duties as receiver and took possession and control of ACB's affairs, assets and property. This petition by the FDIC for approval of the purchase and assumption transaction followed.

*Legal Principles*

■ The FDIC's appointment is a statutory as opposed to a court-ordered receivership, the Comptroller acting pursuant to 12 U.S.C. §§ 191, 1821(c). There is authority to the effect that such action by the Comptroller is entirely discretionary and, thus, not subject to judicial review. *B. V. Emery & Co. v. Wilkinson,* 72 F.2d 10 (10th Cir. 1934); *Wannamaker v. Edisto National Bank,* 62 F.2d 696 (4th Cir. 1933); *Liberty National Bank v. McIntosh,* 16 F.2d 906 (4th Cir. 1927), cert. dismissed, 273 U.S. 769, 783, 47 S.Ct. 571, 71 L.Ed. 890. The better view, however, is that the Comptroller's judgment is final unless it clearly appears that the action is arbitrary and taken in bad faith. *United States Savings Bank v. Morgenthau,* 66 U.S.App.D.C. 234, 85 F.2d 811 (1936), cert. denied, 299 U.S. 605, 57 S.Ct. 232, 81 L.Ed. 446, rehearing denied, 301 U.S. 666, 57 S.Ct. 793, 81 L.Ed. 1365. There is nothing in the record to indicate that the Comptroller's action is in bad faith.

■ More troublesome is the question of approving the ex parte petition of the FDIC for the purchase and assumption transaction. The Court has determined, however, that the petition is appropriate in these circumstances.

From the early days of the Republic it was apparent that receiverships of national banks are a unique system created by Congress under the money and currency clause of the Constitution. *McCulloch v. The State of Maryland et al.,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). This system includes the appointment of the FDIC as receiver, the marshalling and compromising of assets, the satisfaction of liabilities and distributions to creditors, all to facilitate the collections and distributions without harmful delay. *Dunn v. O'Connor,* 67 U.S.App.D.C. 76, 89 F.2d 820 (1937). The procedures, rights and duties set forth in the statute are exclusive and mandatory. All persons interested in the liquidation of a national bank must look to this system for a definition of their rights and duties. *Cook County National Bank v. United States,* 107 U.S. 445, 448, 2 S.Ct. 561, 27 L.Ed. 537 (1882).

There can be no doubt that proceedings pursuant to 12 U.S.C. § 191 are a part of this unique system. See *Mitchell v. Joseph,* 117 F.2d 253, 255 (7th Cir. 1941). Creditors have no right to be parties to a section 191 proceeding. *Fifer v. Williams,* 5 F.2d 286, 288 (9th Cir. 1925), and there is no provision in section 191 for notice or hearing. It is manifest that proceedings pursuant to 12 U.S.C. § 192 are meant to be ex parte. *Mitchell v. Joseph,* supra; *Fifer v. Williams,* supra; *Hulse v. Argetsinger,* 18 F.2d 944 (2nd Cir. 1927).

In these circumstances an ex parte proceeding is justified. The interests of all those concerned with ACB's liquidation are best served by the smooth transfer of ACB to a purchasing bank since the FDIC will receive a premium for the value of ACB as a going concern and the banking industry of the area will suffer the smallest possible disruption. "The special character of banks, and the delicate problems involved in preserving credit, justify denial of the judicial hearing which would be essential in other situations." *In the Matter of the Liquidation of Franklin National Bank,* 381 F.Supp. 1390, 1392 (E.D.N. Y.1974). See *Fuentes v. Shevin,* 407 U. S. 67, 92, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

The petition of the FDIC has been approved this day.