EXECUTIVE OFFICE CENTERS, INC.

v.

FEDERAL DEPOSIT INSURANCE
CORP. et al.

Civ. A. No. 77–2428.

United States District Court,
E. D. Louisiana.

Nov. 8, 1977.

Mmahat, Gagliano, Duffy & Giordano, New Orleans, La., Jerry Album, Metairie, for plaintiff.

Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., Earl S. Eichin, Jr., New Orleans, La., for defendants Federal Deposit Ins. Corp., Receiver of Republic National Bank of Louisiana, and First City Bank.

Jefferson, Bryan & Gray, New Orleans, La., Trevor G. Bryan, New Orleans, La., for defendant Republic Nat. Bank of Louisiana.

CHARLES SCHWARTZ, District Judge.

This is a suit by plaintiff lessor for accelerated rent allegedly due by reason of the insolvency of its lessee, the Republic National Bank of Louisiana. Defendants are the Federal Deposit Insurance Corporation, receiver for the insolvent bank; the Republic Bank; and the First City Bank which purchased certain of the assets and liabilities of Republic from the receiver. The matter is presently before the Court on the motions of defendants F.D.I.C. and First City Bank for summary judgment and/or to dismiss. Following oral argument of these matters the same were taken under submission for further consideration by the Court.

Now, after careful consideration of the record in this matter, the memoranda and oral arguments of counsel, and the law, it is the opinion of the Court that the motions of the Federal Deposit Insurance Company and the First City Bank for summary judgment should be and the same are hereby GRANTED.

The lease entered into between the plaintiff and Republic Bank provides in pertinent part at paragraph 12:

"12. Should the Lessee at any time violate any of the conditions, terms, rules, regulations, restrictions or obligations of this lease and/or discontinue the use of premises for the purpose for which they were rented, or fail to pay the rent, utilities bill, or other expenses punctually, at maturity, as stipulated, or upon the adjudication of Lessee in bankruptcy, receivership or respite petition by the Lessee; or *upon Lessee's suspension; failure or insolvency; the rent for the whole unexpired term of this lease shall at once become due and exigible without putting said Lessee in default.* And the Lessor shall have the right, without notice to the Lessee, and without in any way being deemed guilty of trespassing, and without, in any manner, being held accountable to the Lessee, to forthwith take possession of the leased premises and to prevent the use of the same by the Lessee or any person claiming under him, without resorting to legal proceeding or judicial process and without any interference whatsoever on the part of the Lessee or other persons acting for or claiming under Lessee; the Lessee hereby accepting thereto and expressly waiving the legal notice to vacate the premises, or at Lessor's option, it may prevent such violations from continuing by obtaining injunctive relief in any Court of competent jurisdiction.

*Prior to Lessor asserting his rights Lessee shall have five (5) days from the date of notice by Lessor to cure any default with respect to the payments of money and thirty (30) days to cure any other default of Lessee under the terms of this lease,* provided however, if said default, other than the payment of rent due hereunder, is, by its nature, not curable within the said 30 days, and Lessee begins to cure said default within the 30 days provided for above and proceed diligently to cure said default, then Lessee shall have an additional 30 days to cure said default."

It is the position of plaintiff that upon the declaration of the Republic Bank's insolvency on July 29, 1977, the remaining rent under the contract became due and fixed as of that time, thereby becoming an obligation of the F.D.I.C. as receiver. Plaintiff further claims that such obligation was assumed by First City. However, the record in this matter and the applicable law do not support plaintiff's positions on these issues.

A claim is not stated against the receiver of an insolvent bank unless the claim is due and owing at the time of insolvency. *Federal Deposit Insurance Corp. v. Grella,* 553 F.2d 258 (2nd Cir. 1977); *Argonaut Savings & Loan Association v. Federal Deposit Insurance Corporation,* 392 F.2d 195 (9th Cir. 1968); *80 Pine, Inc. v. European American Bank,* 424 F.Supp. 908 (E.D.N.Y.1976).

In the instant case the condition of insolvency must necessarily precede the acceleration of the rent due under the lease. It is therefore clear that such a claim could not have "accrued or become unconditionally fixed on or before the declaration of insolvency." *Federal Deposit Insurance Corporation v. Grella, supra.* The first notice to the bank and/or its receiver and successor that the lessor deemed the accelerated rentals due was on August 3, 1977, several days after the declaration of insolvency made by the Comptroller of Currency. The affidavits of Edgar Poree and Marcia Carrigan which are filed herein further support the conclusion that any claim of plaintiff for accelerated rentals could not and had not become fixed until after the Republic Bank was declared insolvent. Accordingly, while plaintiff may have a claim against the insolvent bank, it cannot state a claim against the receiver.

■ It follows that, as the claim of Executive Office Centers was not accrued or fixed at the time of insolvency, the successor bank, First City, cannot, as plaintiff claims, have assumed the obligation for the accelerated rents by virtue of its purchase and assumption agreement with the F.D. I.C. That agreement provides at paragraph 2.1(d) that in addition to assumption of certain other specified liabilities of the Republic Bank, First City Bank will assume:

"Such other liabilities as shall have been certified by the Corporation to have been constituted valid non-contingent balance sheet liabilities of the Bank as of the date of Bank Closing. Such liabilities shall be limited to those which have accrued and become unconditionally fixed as of such date."

As the claim for accelerated rent was not assumed, the First City Bank cannot be held liable for such claims as this defendant is and was not a party to the lease agreement in question. La.C.C. Art. 1901; *Colbert v. Mike-Baker Brick of New Iberia*, 326 So.2d 900 (La.App. 3d Cir. 1976); *State ex rel. Guste v. Simoni, Heck and Associates*, 297 So.2d 918 (La.App. 1st Cir. 1974); *Lumber Products, Inc. v. Hiriart*, 255 So.2d 783 (La.App. 4th Cir. 1971).

■ The claim of plaintiff herein, if any, is properly brought only against the insolvent bank which is, in fact, a defendant in this lawsuit. *Federal Deposit Insurance Corp. v. Grella, supra.*

Accordingly, plaintiff's claims as against defendants the Federal Deposit Insurance Corporation and First City Bank are hereby dismissed with prejudice.

There being no just cause for delay, let judgment issue in accordance with this Opinion.