724 F.Supp. 454 (1988)
UNISYS CORPORATION
v.
FEDERAL DEPOSIT INSURANCE CORPORATION.
No. MO-88-CA-117.
United States District Court, W.D. Texas, Midland-Odessa Division.
December 30, 1988.
Richard C. Guinan, Jr., John L. Hubble, Denten & Guinan, Dallas, Tex., for plaintiff.
Millard O. Anderson, Jr., FDIC, Midland, Tex., Mark Curtis Taylor, Liddell, Sapp, Zivley, Hill & Laboon, Robert J. Clary, Johnson, Bromberg & Leeda, Dallas, Tex., for defendant.

*455 MEMORANDUM OPINION AND ORDER
BUNTON, Chief Judge.
Came on this day to be heard Plaintiff's Motion For Summary Judgment in the above-captioned cause. Defendant responded in a timely manner and filed its Cross-Motion for Summary Judgment. Upon consideration of the Motions, affidavits, exhibits and arguments of the parties, this Court is of the opinion that Plaintiff's Motion should be denied and Defendant's Motion should be granted.

FACTUAL BACKGROUND
In 1979, Eagle Computing Corporation ("Eagle"), as Lessee, and Burroughs Corporation ("Burroughs"), as Lessor, entered into eleven leases for the lease of certain items of computer equipment (collectively, the "Leases"). (Affidavit of Robert E. Hoblit, hereinafter "Hoblit Aff." 1.) Eagle, a wholly-owned subsidiary of the First National Bank of Midland ("FNB Midland"), was merged into FNB Midland on January 1, 1983. (Hoblit Aff., 2.)
At the time of the merger, FNB Midland was a national banking association organized and existing under the laws of the United States with its principal offices being located in Midland, Midland County, Texas. (Hoblit Aff., 3.) The Comptroller of the Currency on October 14, 1983, declared FNB Midland insolvent and, pursuant to 12 U.S.C. §§ 191 and 1821(c), appointed the FDIC as its receiver. (Hoblit Aff., 3.) By virtue of such appointment, FDIC-Receiver acquired all right, title and interest of FNB Midland in the latter's assets, including the Leases. (Hoblit Aff., 3.)
By letter dated February 7, 1984, FDIC-Receiver notified Burroughs that it was disaffirming and terminating each of the Leases effective January 31, 1984. On June 11, 1984, Burroughs submitted its formal proof of claim to FDIC-Receiver, claiming damages resulting from FDIC-Receiver's termination and disaffirmance of the Leases in the amount of $683,379.14, plus accrued interest as of February 1, 1984, in the amount of $50,878.44. (Hoblit Aff., 5.) In a letter dated October 4, 1984, Plaintiff Unisys, as successor to Burroughs, amended its proof of claim to add $24,767.00 in contractual transportation charges plus additional accrued interest. (Hoblit Aff., 6.)
On January 29, 1988, almost four full years after FDIC-Receiver's disaffirmance of the Leases, Plaintiff commenced this action against FDIC-Receiver seeking recovery under the Leases in the amount of $699,401.46, representing the aggregate amount of all rent to become due under each Lease for the post-disaffirmance term of each such Lease, together with interest, attorneys' fees and costs.
In its First Amended Answer, FDIC-Receiver asserted affirmatively that Plaintiff's claims are barred by contractual limitations, that Plaintiff's claims are not provable as against FDIC-Receiver, and that Plaintiff's claims for accelerated rentals constitute unenforceable penalties. FDIC-Receiver now cross-moves for entry of summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that there are no genuine issues of material fact, and that Plaintiff is barred as matter of law from recovering as against FDIC-Receiver on the claims set forth in its Complaint.

STANDARD ON MOTION FOR SUMMARY JUDGMENT
The Supreme Court's 1986 trilogy of Summary Judgment cases clarified the test for granting summary judgment. In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986), the Court stated that the trial court must consider the substantive burden of proof imposed on the party making the claim. In the case before this Court, the Plaintiff has the burden with respect to its claims and Defendant has the burden with respect to defenses and claims for affirmative relief it raises.
Anderson v. Liberty Lobby requires this Court to substantively evaluate the evidence offered by the moving and non-moving party to determine whether the evidence *456 raises a "material" fact question which is "genuine." The Anderson court defined "material" as involving a "dispute over facts which may effect the outcome of the suit under the governing law."
In a second case, the Supreme Court reiterated that where the party moving for summary judgment has established prima facie that there is no genuine issue as to any material fact, the non-moving party must then come forward with "specific facts" showing a genuine issue for trial. It must be "more than simply ... that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 89 L.Ed.2d 538 (1986).
The third case in the trilogy, Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held that where the moving party shows that the opposing party is unable to produce the evidence in support of its case, summary judgment is appropriate. In Celotex Corp., it was not necessary for the motion for summary judgment to be supported by affidavits or other material specifically negating the non-moving party's claim so long as the district court was satisfied that there was an absence of evidence to support it. At that point, the burden shifted to the non-moving party to produce evidence in support of its claims; if it did not produce any, summary judgment was required.

DISCUSSION

PROVABILITY
As this Court has expressly recognized, a claim against the receiver of an insolvent national bank is not provable unless such claim is due and owing at the time of insolvency:
"`While it succeeds to the rights of the creditors of the bank as well as the rights of the corporation in connection with the liquidation of the bank assets and is charged with payment of expenses of administration in enforcement of the obligations of the bank, the receiver is not subject to liability for the provisions of the unexpired term of the lease of the bank premises, and it may take a reasonable time to adopt or reject the same [citations omitted]. Further, the refusal of an insolvent national bank and its receiver to take possession under a long term lease does not entitle the lessor to damages from the bank or its receiver as lessee [citation omitted].'"
FDIC v. Eagle Properties, Ltd., 664 F.Supp. 1027, 1053 (W.D.Tex.1985), [quoting: FDIC v. Grella, 553 F.2d 258 (2d Cir.1977)]; See: Kennedy v. Boston-Continental Nat'l Bank, 84 F.2d 592 (1st Cir. 1936), cert. dismissed, 300 U.S. 684, 57 S.Ct. 667, 81 L.Ed. 887 (1937); Argonaut Savings & Loan Assoc. v. FDIC, 392 F.2d 195, 197 (9th Cir.), cert. denied, 393 U.S. 839, 89 S.Ct. 116, 21 L.Ed.2d 110 (1968); Executive Office Centers, Inc. v. FDIC, 439 F.Supp. 828, 829 (E.D.La.1977), aff'd, 575 F.2d 879 (5th Cir.1978). Indeed, even in First Empire Bank v. FDIC, 572 F.2d 1361 (9th Cir.1978), a case relied upon by Plaintiff, the court specifically recognized that the provability rule destroys any claim for loss of future rent as against FDIC-Receiver. Id. at 1368.
Plaintiff argues in reliance on First Empire Bank, supra, that Kennedy and its progeny were based upon a "remnant of medieval theory" and "outdated bankruptcy rules" and should not be extended to non-real estate lease transactions. Id. at 1368. Plaintiff further argues that although this Court has followed Kennedy progeny in denying the right of offset to the lessor of banking premises of the defunct FNB Midland, this Court should not now extend the provability bar to a personal property lease.
The concept of provability has been applied in the context of national bank receiverships from the very inception of the National Bank Act. Congress has never amended the National Bank Act to eliminate or curtail the provability bar. As recently as 1985, the Fifth Circuit defined the three elements that must be satisfied before a claim is provable in a national bank receivership:

*457 A claim is provable against the FDIC as receiver if (1) it exists before the bank's insolvency and does not depend on any new contractual obligations arising later; (2) liability on the claim is absolute and certain in amount when suit is filed against the receiver; and (3) the claim is made in a timely manner, well before any distribution of the assets of the receivership other than a distribution through a purchase and assumption agreement.
Interfirst Bank Abilene, N.A. v. FDIC, 777 F.2d 1092, 1094-95 (5th Cir.1985).
In Interfirst, the FDIC stipulated that the fraud and gross negligence in the administration of participated loans which served as the basis for Interfirst's claims for breach of contract and recision occurred before Ranchlander was declared insolvent. Id. at 1093. While the claim was provable in Interfirst due to the stipulation on the part of the FDIC, nowhere did the Court even hint that provability is an outmoded concept whose application should be strictly limited to real property leases. Instead, the Court clearly analyzed the non-lease claims in light of the three established prerequisites to provability.
This Court also notes, with respect to Plaintiff's argument that newly enunciated principles of bankruptcy law should be read into the National Bank Act, that Congress expressly excluded banks from the scope of the Bankruptcy Code:
"... (b) A person may be a debtor under Chapter 7 of this title only if such person is not ... (2) a ... bank, savings bank, cooperative bank, savings and loan association, ... or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act...."
11 U.S.C. §§ 109(b) and (d).
The rationale behind Congress' exclusion of banks from the scope of the Bankruptcy Code's provisions is evident from the legislative history accompanying section 109:
Banking institutions and insurance companies are excluded from liquidation under the bankruptcy laws because they are bodies for which alternate provision is made for their liquidation under various regulatory laws.
(H.Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 318-320, U.S.Code Cong. & Admin.News 1978, p. 5787.)
The Second Circuit, in a 1980 opinion declining to apply equitable principles of bankruptcy law to a national bank receivership, explained that the philosophy underlying the statutory mechanism for liquidation of national banks is sharply different from the rationale supporting the bankruptcy laws:
Because the powers and goals of a bank receiver are quite different, equitable principles developed in the reorganization context cannot simply be grafted onto the national banking statutes. [citations omitted].
Corbin v. Federal Reserve Bank of New York, 629 F.2d 233, 236 (2d Cir.1980). In fact, it has long been recognized that the system for liquidation of national banks embodied in the National Bank Act is unique and that:
[t]he procedures, rights and duties set forth in the statute are exclusive and mandatory. All persons interested in the liquidation of a national bank must look to this system for a definition of their rights and duties.
Matter of Liquidation of American City Bank and Trust Co., N.A. 402 F.Supp. 1229, 1231 (E.D.Wisc.1975) [citing: Cook County National Bank v. United States, 107 U.S. 445, 448, 2 S.Ct. 561, 566, 27 L.Ed. 537 (1882)].
Given its decision in Interfirst, this Court is not convinced that the Fifth Circuit would refuse to apply established principles of provability to a personal property lease.
The decision in Executive Office Centers, supra, demonstrates the provability bar in the present case. In that case, the Plaintiff-Lessor argued that the FDIC, as receiver of a national bank, was obligated to pay it a sum equal to all remaining rental obligations of the failed bank under the terms of a lease on the theory that such payments become due and fixed as of the *458 date the bank was declared insolvent. Executive Office Centers, 439 F.Supp. at 829. Noting that the receiver received its first notice that the rentals had been accelerated after the declaration of insolvency, the court held that the accelerated rentals could not have become fixed until after the date of insolvency, and therefore, the Plaintiff could not state a claim for the accelerated rentals against the FDIC, as receiver:
A claim is not stated against the receiver of an insolvent bank unless the claim is due and owing at the time of insolvency. [citation omitted.] In the instant case the condition of insolvency must necessarily precede the acceleration of the rent due under the lease. It is therefore clear that such a claim could not have "occurred or become unconditionally fixed on or before the declaration of insolvency." [citation omitted.]
Id. at 829.
The spreadsheet attached as Exhibit "C" to the Hoblit Affidavit clearly demonstrates that the amounts Plaintiff seeks to recover from FDIC-Receiver represent rentals which Plaintiff declared due and owing as a consequence of FNB Midland's insolvency and FDIC-Receiver's disaffirmance of the Leases. Given the circumstances, long-established principles of provability bar Plaintiff from recovering as against FDIC-Receiver for post-receivership rent allegedly due under the Leases.
Finally, FDIC-Receiver alternatively asserts that Plaintiff's claims are barred by contractual limitations. Because this Court finds that Plaintiff's claims are not provable, as a matter of law, this Court does not find it necessary to reach the limitations question. Accordingly,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is hereby DENIED.
IT IS FURTHER ORDERED that FDIC-Receiver is entitled to Summary Judgment as a matter of law.
IT IS FURTHER ORDERED that Plaintiff's claims are not provable as against FDIC-Receiver as a matter of law.
IT IS FURTHER ORDERED that Plaintiff's claims for accelerated rentals constitute unenforceable penalties as a matter of law.
IT IS FURTHER ORDERED that Plaintiff shall take nothing by its suit.
IT IS FURTHER ORDERED that costs of Court shall be assessed against Plaintiff Unisys Corporation.